Plaintiffs' Response in Opposition to Defendants' Motion
for a Stay of Enforcement of Judgment Pending Appeal

# Exhibit A

**Nos. 2025-1812, -1813**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

―――――――

V.O.S. SELECTIONS, INC., PLASTIC SERVICES AND PRODUCTS, LLC, dba Genova Pipe, MI-
CROKITS, LLC, FISHUSA INC., TERRY PRECISION CYCLING LLC,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, EXECUTIVE OF-
FICE OF THE PRESIDENT, UNITED STATES, PETE R. FLORES, Acting Commissioner for
United States Customs and Border Protection, in his official capacity as Acting Commissioner of
the United States Customs and Border Protection, JAMIESON GREER, in his official capacity as
United States Trade Representative, OFFICE OF THE UNITED STATES TRADE REPRESENTA-
TIVE, HOWARD LUTNICK, UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendants-Appellants.

―――――――

THE STATE OF OREGON, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE
STATE OF CONNECTICUT, THE STATE OF DELAWARE, THE STATE OF ILLINOIS, THE
STATE OF MAINE, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF
NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF VERMONT,

Plaintiffs-Appellees,

v.

PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF HOMELAND SECU-
RITY, KRISTI NOEM, Secretary of Homeland Security, in her official capacity as Secretary of the
Department of Homeland Security, UNITED STATES CUSTOMS AND BORDER PROTEC-
TION, PETE R. FLORES, Acting Commissioner for United States Customs and Border Protec-
tion, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection,
UNITED STATES,

Defendants-Appellants.

―――――――

On Appeal from the United States Court of International Trade
Nos. 25-66, -77, Judges Katzmann, Reif, and Restani

―――――――

## OPPOSITION TO MOTION FOR IMMEDIATE ISSUANCE OF THE
## MANDATE AND CROSS-MOTION TO STAY THE MANDATE

―――――――

BRETT A. SHUMATE
*Assistant Attorney General*

*Signature block continued
on inside cover*

MICHAEL S. RAAB
BRAD HINSHELWOOD
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7213*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2495*

The Court should deny plaintiffs' ill-conceived motion to issue the mandate forthwith. Before, plaintiffs repeatedly asked for—and were repeatedly denied—immediate relief from having to pay the IEEPA tariffs on their imports. Dkt. 7 (staying district court judgment), Dkt. 51 (same); *see V.O.S. Selections, Inc. v. Trump*, No. 1:25-cv-66, 2025 WL 1178581 (Ct. Int'l Trade Apr. 22, 2025) (denying motion for temporary restraining order). Now, the IEEPA tariffs have been replaced by vigorous new tariffs. *See* Procl. 11012, 91 Fed. Reg. 9339 (Feb. 20, 2026) (imposing tariffs to deal with large and serious U.S. balance-of-payments deficits). Plaintiffs again claim the Court should speed ahead, but lack any good reason for that departure from an orderly process.

In a case on review from a federal court, the Supreme Court sends down its judgment 32 days after entry of judgment (unless the Court or a Justice orders otherwise or the parties stipulate that it be sooner), or forthwith upon the denial of rehearing. Sup. Ct. R. 45.3; *see* Sup. Ct. R. 45.2. The court of appeals ordinarily should not act on a case until the judgment is sent down. Accordingly, when (as here) a court of appeals has stayed both the lower court's judgment and its own mandate pending certiorari, the court of appeals ordinarily should not dissolve the stay or issue the mandate until

1

the judgment of the Supreme Court is sent down. Plaintiffs have not stated any reason for this Court to depart from the ordinary process by outpacing the Supreme Court.

Plaintiffs claim speed is of the essence because they suffer harm from being "forced to operate" without refunds in the interim. Mot. 5. But a compensable monetary loss is a classic harm that can be remedied by payment of money with appropriate interest, and a plaintiff's bare desire to be paid immediately is not a basis to demand this Court comply with his every whim. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974). The Court already rejected the notion that plaintiffs' monetary harms during the pendency of these proceedings were irreparable when it stayed the district court's judgment. Dkts. 7, 51. And the plaintiffs provide no evidence showing any new irreparable harm from allowing the mandate process to take its normal course.

Plaintiffs also claim hasty issuance of the mandate is necessary to "facilitate the refund process" in cases that are in the CIT already. Mot. 6. The coming process will take time. *Cf. U.S. Shoe Corp. v. United States*, 29 C.I.T. 866 (Ct. Int'l Trade July 27, 2005) (refunds took seven years to fully be provided after *United States v. U.S. Shoe Corp.*, 523 U.S. 360 (1998), even though

2

the amount of money at issue there was substantially less than the amount at issue here); Tr. of Oral Arg. 154-55 in *Learning Resources v. Trump*, Nos. 24-1287, 25-250 (U.S. Nov. 5, 2025) (Counsel for V.O.S. Selections: "There was a Harbor Management case earlier that this Court was involved with in United States Shoe in which, you know, the refund process took a long time.").

Indeed, counsel for plaintiffs expects it "to be a 'mess.'" *Learning Resources, Inc. v. Trump*, 607 U.S. --, 2026 WL 477534, at \*51 (Feb. 20, 2026) (Kavanaugh, J., dissenting) (quoting Tr. of Oral Arg. 153-55); Tr. of Oral Arg. 155 (refund process is "difficult"). These plaintiffs' apparent desire to be the center of attention in remedial proceedings in the CIT does not support their demand that this Court depart from the ordinary course. They cannot represent the interests of third parties who have filed their own cases, are represented by their own counsel, and are presently before the CIT and not this Court—especially after this Court already rejected their earlier attempt to obtain a remedy on behalf of the entire universe. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312, 1340 (Fed. Cir. 2025) (en banc).

If anything, the Court should withhold issuance of the mandate for 90 days to allow the political branches an opportunity to consider options. Plaintiffs' counsel told the U.S. Supreme Court that "[t]here may be a

3

congressional process here" and added, in "Northern Pipeline, you guys stayed your decision for a while in order to let the congressional process unfold," and "it may . . . also be that this Court could limit its decision to prospective relief," and "there's lots of possibilities." Tr. of Oral Arg. 155; *cf. N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88 (1982) (staying June 28, 1982, judgment "until October 4, 1982"); *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 459 U.S. 813, 813 (1982) (extending the stay to December 24, 1982). A stay of the mandate would be no less appropriate from this Court than from the Supreme Court.

Complexity in the future counsels appropriately careful process, not breakneck speed. The Court should deny the motion and if anything, withhold the issuance of the mandate for 90 days after the Supreme Court sends down its judgment to this Court.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

MICHAEL S. RAAB
BRAD HINSHELWOOD
DANIEL WINIK

 */s/  Sophia Shams*
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7213*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2495*
  *sophia.shams@usdoj.gov*

FEBRUARY 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 838 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Sophia Shams*
Sophia Shams